Matthew J. Vitanza, J.
Defendant moves the court for an order pursuant to section 28.13 of the Rules of the Administrative Board of the Judicial Conference (22 NYCRR 28.13) vacating the award to the plaintiff upon the grounds that the arbitrators abused their office in the conduct of the case, together with such other and different relief as the court may deem just and proper.
By stipulation of counsel, the matter was heard by a panel of two arbitrators on August 26, 1975, the third arbitrator having failed to appear on the hearing date. A decision was *105 rendered by the two arbitrators on February 26, 1976, exactly six months to the day after the hearing. The defendant’s attorney claims that on February 11, 1976 he spoke with one of the two arbitrators that heard the case and was informed that they were deadlocked or at an impasse on the issues. It is further claimed that one of the arbitrators abandoned his position in order that a decision could be rendered. It is the defendant’s contention that the reservation of decision for a period of six months, especially under circumstances where the matter was left to two arbitrators who were in obvious disagreement over a protracted period of time, amounts to an abuse by the arbitrators of their office in the conduct of the case within the meaning and intent of section 28.13 of the Rules of the Administrative Board of the Judicial Conference. (22 NYCRR 28.13.)
The plaintiff contends that it was only after the arbitrators had rendered their decision, which was adverse to the defendant, did the defendant claim that the arbitrators abused their office. The plaintiff claims that the passage of time worked to the defendant’s advantage, since the decision required the defendant to pay arrears under a separation agreement.
Section 28.11 of the Rules of the Administrative Board of the Judicial Conference (22 NYCRR 28.11) requires a report and an award be filed with the arbitration commissioner within 20 days after the hearing. There have been no court decisions rendered interpreting said rule.
CPLR article 75 governs written agreements with provisions to submit disputes to arbitration. CPLR 7507 states in part "A party waives the objection that an award was not made within the time required unless he notifies the arbitrator in writing of his objection prior to the delivery of the award to him”. The defendant’s attorney made an oral inquiry as to status of the decision but did not object to rendering of a decision by the arbitrators.
The Legislative Studies and Reports following CPLR 4213 (subd [c]) (McKinney’s Cons Laws of NY, Book 78, CPLR 4213, p 167) indicate that section 442 of the Civil Practice Act had provided that a new trial might be granted on the ground that the time limit of 60 days had been exceeded by the court. However, in drafting that section under the new CPLR 4213 (subd [c]) that provision was deleted. The legislative studies and reports indicate that the reason for the deletion was that the granting of a new trial seems a poor remedy for a tardy *106 decision, especially when the court is specifically empowered to deny a new trial on condition that the decision be rendered within a specified additional period.
While a tardy decision is looked upon with disfavor it is not in and of itself grounds to set aside the decision, nor in the opinion of this court does it constitute an abuse of office by the arbitrators under section 28.13 of the Rules of the Administrative Board of the Judicial Conference (22 NYCRR 28.13).
Having stipulated to have the case heard by two arbitrators, the defendant is bound by their decision.
Motion denied.